## Guffey *versus* Deeds.

Mere comparison of handwriting with others, admitted or proved to be genuine, is not allowed as a means of getting a writing before a jury.

Such proof is however legitimate in attacking a writing as false or forged, and especially where other evidence has been given casting suspicion upon the genuineness of the proposed writing.

In such case the parties may call experts to aid the jury in the comparison, by giving their opinions as witnesses.

ERROR to the Court of Common Pleas of *Westmoreland county.*

This was an action of debt, brought by John Deeds against Alexander Guffey, on the following single bill:—

"4th May, 1849. Single bill. Two years after date, I promise to pay to John Deeds, or order, three hundred 'dollars, for value received, with interest to be paid yearly.

"Witness my hand and seal,

"ALEXANDER GUFFEY." [L. S.]

The defendant resisted a recovery on the ground that the note had been settled and paid; and offered in evidence the following papers:—

"June the first 1849.—Due A. Guffy, the some of thirty dollars in full of aul demands oupt to this date, includen a note that i hold on him, callen for three hundred dollars, given in May last,

[Guffey v. Deeds.]

payable in too years after date, which note refered to is payed to me by A. Guffy, at different times to me.

"JOHN DEEDS." [L. S.]

"HENRY REEDER."                              (In German.)

"Sept. 3, 1849.—Due A. Guffy, thirty dollars for sarvices done, atendent to acas between him and his wife, on a divorse case.

"JOHN DEEDS." [L. S.] .

"Witness, H. REEDER."                        (In German.)

The plaintiff alleged that the signatures to these notes were spurious; that he never signed, or, if he did, that he was induced to do so by the fraud and misrepresentation of the defendant, not knowing what they contained. And on the trial the plaintiff's counsel offered two notes, dated 13th November, 1848, by Deeds to Foster and Marchand, admitted to be genuine; and also two others by same and Lippincott to Mary Deeds, dated 2d June, 1849, for the purpose of showing by comparison that the paper 1st June, and the due-bill of 3d September, 1849, were not signed by Deeds, the plaintiff. To the admission of these papers the defendant objected, but the court overruled the objections, and admitted them.

The jury found for the plaintiff $407.37, and judgment was rendered on the verdict.

The defendant removed the cause to this court, and assigned that the court erred in admitting the several notes above stated, for the purpose of impeaching the genuineness of the papers given in evidence.

*Marchand* and *Laird*, for plaintiff in error.—Handwriting, in this state, cannot be proved or disproved by mere comparison: Vickroy *v.* Skelly, 14 *S. & R.* 372: unless in the case of a public officer, so long dead that better proof cannot be had: Callan *v.* Gaylord, 3 *Watts* 323: and for corroboration : Bank *v.* White-hill, 10 *S. & R.* 110; Baker *v.* Hains, 6 *Wh.* 284 ; Bank *v.* Jacobs, 1 *Penn. Rep.* 180 ; Martin *v.* Taylor, 1 *W. C. C. R.* 1; U. S. *v.* Craig, 4 *Id.* 729.

*Coulter* and *Drum*, for defendants in error.

The opinion of the court was delivered by

LOWRIE, J.—Ordinarily a witness, testifying to handwriting, compares the proposed writing with an exemplar in his memory, which he is persuaded that he has legitimately acquired and correctly retains. Such evidence seldom falls under the suspicion of being manufactured for the occasion, and is but little apt to give rise to collateral issues. It is therefore always preferred as evidence in chief to a mere comparison of the proposed writing

[Guffey *v.* Deeds.]

with other writings proved to be of the same person. This sort of comparison is not allowed as a means of getting the proposed writing before the jury; but it is a perfectly legitimate way of attacking such a writing as false or forged, especially when there is other evidence casting suspicion upon it. But then great care is to be taken that the exemplar, or standard, which is to be used as a test of genuineness, be itself genuine, and not manufactured ·for that purpose. When its genuineness is admitted, as were those offered in this instance, there can be no difficulty. We say they were admitted to be genuine, because two of them were expressly so, and the others were impliedly so, by the objection being confined to the use proposed to be made of them.

The writing that is to be judged, and that to be used as a standard, go together before the jury, and they may make the comparison for themselves. If the parties think it important, they are entitled to call experts, examined and approved as such by the court, and get them to aid the jury in the comparison, by giving their opinion as witnesses.

These principles are very well presented by Mr. Greenleaf, in 1 *Ev.* §§ 579–582, and 3 *Id.* § 106; and the cause was tried in accordance with them.

Judgment affirmed.