LUCIUS PACKARD and others

*vs.*

COUNTY COMMISSIONERS OF ANDROSCOGGIN COUNTY.

Androscoggin.    Opinion January 9, 1888.

</div>

*Way, petition for.   Practice.*

Reasonable certainty and a substantial compliance with the statute is what is required in proceedings for the laying out of highways.

Technical exactness and precision is not required.

It is not a valid objection to the proceedings that the petition describes alternative places either for the location of the way or its *termini*.

ON exceptions.

This was an appeal from the decision of the county commissioners in adjudging that common convenience and necessity did not require the laying out of a new way in Auburn on the petition of A. M. Fogg and one hundred and thirteen others.

A committee was appointed on the appeal and by order of the court the city of Auburn was served with a notice of the time and place of hearing by the committee. The committee reported in favor of the way, reversing in whole the doings of the commissioners. The exceptions were by the city of Auburn to the ruling of the presiding justice, in overruling objections to the acceptance of the report, as stated in the opinion.

*Savage and Oakes*, for appellants, cited: *Sumner* v. *Co. Com.* 37 Maine, 112; *Wayne* v. *Co. Com.* 37 Maine, 560; *Hayford* v. *Co. Com.* 78 Maine, 155; *Pembroke* v. *Co. Com.* 12 Cush. 351.

*George C. Wing*, city solicitor, for the city of Auburn.

The city of Auburn, which resists the location of the proposed way, and which has appeared by counsel in all the proceedings, contends that the court of county commissioners has not jurisdiction, and relies upon the authority of William B. Hayford and others, against the county commissioners of Aroostook county. 78 Maine, 153. It is not deemed necessary here to restate the reasons given by the court for its opinion in that case.

We submit that the facts and circumstances in that case and in the case at bar are as near alike as cases are ever found, and that the reasons given in the opinion referred to, as well as the opinions cited in that opinion, apply with the same force to the case here. The city of Auburn further cites · 37 Maine, 112; 37 Maine, 558; 49 Maine, 146; 12 Cushing, 351; 2 Metcalf, 185.

Certainly the vagueness of the petition is inexcusable, and the proceedings should not be upheld. They respectfully ask that the exceptions may be sustained for the reasons above given.

FOSTER, J. An appeal was taken from the decision of the county commissioners of Androscoggin county, a committee appointed, and upon the coming in of their report objections were seasonably filed against its acceptance. The presiding justice overruled the objections, ordered the acceptance of the report, and that the judgment be certified to the county commissioners.

The case comes before this court on exceptions.

The only question involved is in regard to the description of the way named in the petition to the county commissioners. The claim set up in defence is, that the petition upon which the proceedings were had is uncertain and indefinite, and does not describe a way as required by R. S., c. 18, § 1.

This contention relates to no other part of the petition than the description of the southern terminus of the way, which is designated, in the language of the petition, at "some point to be determined by your honors, on some one of the ways or roads near 'Perryville' or 'Fossville,' so called, in Auburn, by which the travel may reach the county buildings aforesaid."

While the petition cannot be recommended as a model, and

evidently was not drawn by a professional hand, yet we think that the objections to it cannot be sustained.

From the statement of facts in the bill of exceptions it appears that "Perryville" and "Fossville" are local names applied to certain of the more thickly inhabited portions of the city of Auburn, and within the limits of these places are five or six streets leading in the direction of the county buildings. These places are separated only by a small ravine or valley. The streets are but a short distance apart, any one of which can be entered by the proposed road, and by any one of which "the travel may reach the county buildings" directly.

The statute prescribes what is necessary to confer jurisdiction upon the county commissioners. Among other things, not -material in the decision of this case, it requires a "petition describing a way." The statute, however, does not designate what description of the proposed way is to be set out in the petition; but undoubtedly it should be such as to describe the way with reasonable definiteness. "Hence it has been the practice in such cases to state at least the *termini* of the proposed way with reasonable and approximate definiteness." *Hayford* v. *Co. Comm'rs*, 78 Maine, 156.

Reasonable certainty, as well as a substantial compliance with the statute, is what is required in proceedings of this character; but technical exactness and precision cannot be expected and has never been required. *Windham* v. *Co. Comm'rs*, 26 Maine, 406; *Raymond* v. *Co. Comm'rs*, 63 Maine, 112–15; *Hayford* v. *Co. Comm'rs*, 78 Maine, 156. And though in laying out the way the commissioners are not required to follow minutely the line indicated in the petition, a substantial compliance therewith being all that is demanded, (*Wayne* v. *Co. Comm'rs*, 37 Maine, 558) yet in regard to the *termini* of the way thus laid out, they must necessarily be more precise and designate them exactly by monuments. *Cushing* v. *Gay*, 23 Maine, 12.

Nor does it furnish any valid objection to the proceedings that the petition describes alternative places for the location. *Sumner* v. *Co. Comm'rs*, 37 Maine, 112; *Raymond* v. *Co. Comm'rs*, 63 Maine, 112.

In this last case the petition described alternative places for the proposed way, with different *termini* for each, described with what may be regarded as reasonable and approximate definiteness, though not with that technical precision and exactness which might be requisite in conveyancing, or in laying out the way by the commissioners. Nor have the courts in the decided cases demanded such technical accuracy.

The same may be said of the petition in *Sumner* v. *Co. Comm'rs, supra,* except that there the petition set out alternative places for the commencement of the proposed route. The same objection was raised in that case as in this, but the court sustained the proceedings. "It does not appear in this case," says SHEPLEY, C. J., "that the description was so defective that a person would find it difficult to determine what was designed to be accomplished."

In the case now before us the southern terminus of the proposed way was to be in *one* of the roads near "Perryville" or "Fossville," by which the travel may reach the county buildings.

This was but an alternative designation of the place where the proposed route was to terminate, leaving it in the discretion of the commissioners to say into which one of the roads near these places the way was to enter. The general terminus was the city of Auburn, as an examination of the petition shows, and within which were the particular localities of "Perryville" and "Fossville," lying side by side of each other.

If there had been but two roads—one near "Perryville" and the other near "Fossville"—would not the petition be considered as describing reasonably and approximately the alternative places of ending? As much so, certainly, as in other cases, (*Windham* v. *Co. Comm'rs,* 26 Maine, 406; *Wayne* v. *Co. Comm'rs,* 37 Maine, 559; *Raymond* v. *Co. Comm'rs,* 63 Maine, 113) where the court has sustained proceedings of this nature. And in the recent case of *Hayford* v. *Co. Comm'rs, supra,* where the proceedings were not upheld on account of the vagueness and indefiniteness of the description, the court say, "We do not mean to be understood as holding that the petition for every short piece of new road must necessarily contain a statement of its termini,

*in totidem verbis*, for they may be so otherwise described by their connections with the roads already made, that they cannot fail to be understood by interested persons owning land and residing along their routes."

The description was there held to be too vague and indefinite to answer the requirement of the statute, for " no one could tell within ten miles the place where ' the most direct and feasible route to Fort Kent ' would terminate, nor how long the route would be."

This case is manifestly unlike that, or the case of *Pembroke* v. *Co. Comm'rs*, 12 Cush. 351, where the terminus might be at any place within a distance of four miles.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.