J. B. MOORE AND ERLAN HULSTROM v. THE STATE OF KANSAS, ex rel. John Hartzler, County Attorney.

No. 179.    (58 Pac. 1007.)

1. SCHOOLHOUSES— *Change of Site—Annual Meeting.* The inhabitants qualified to vote at a school meeting have power, at the annual meeting of the district, lawfully assembled, to designate a new site for the district schoolhouse, and to order the schoolhouse to be removed thereto, where the value thereof is less than $400, by a majority vote of those present and voting.

2. ————— *Election of Appraisers.* The appraisers provided for in section 69, chapter 63, General Statutes of 1897 (Gen. Stat. 1899, § 5940), may be legally elected at the annual school-district meeting by a majority of those present and voting.

3. ————— *Qualifications of Appraiser—Freeholder.* A wife living with her husband, upon land owned by him, and occupied by them as their homestead, is a freeholder.

4. ————— *Designation of Site—Alternative Selection.* The designation of a site for a schoolhouse by the voters of a school district is not void by reason of the fact that the motion making such designation also provided that if said site could not be procured other locations should be accepted.

Error from Sherman district court; CHARLES W. SMITH, judge. Opinion filed October 10, 1899. Reversed.

*E. F. Murphy,* for plaintiffs in error.

*John Hartzler,* and *Hoyt Andrews,* for defendant in error.

Moore v. The State.

The opinion of the court was delivered by

WELLS, J.: This action was originally brought in the district court of Sherman county by the defendant in error against the plaintiffs in error to compel them to move the schoolhouse of school district No. 30 from where it then was back to its original location, and to enjoin them from paying for the removal to its present location out of the district funds. A temporary writ was issued, and afterward a trial was had and a permanent writ granted. To reverse this the case is brought here.

The evidence in the case shows that there were fifteen or sixteen voters in the district, and that at the regular annual meeting provided by law, and of which legal notice was given, there were eight qualified electors of the district present. After the transaction of considerable other business, "it was moved and seconded that the nomination of J. B. Moore, B. J. Horton and Erlan Hulstrom be voted on as the three appraisers for appraising the schoolhouse and property, prior to taking a vote on removing the same to a more central location for the present children in the district. Voted on by ballot." Four votes were cast, all of which were for the motion. B. J. Horton refusing to act, Ellen Hulstrom was elected in his place by the same vote, and said appraisers were sworn, and appraised the schoolhouse, outbuildings, seats and all appurtenances at $310. After which

"It was moved and seconded to have the schoolhouse and outbuildings and all appurtenances thereto moved as soon as convenient to the southwest quarter of section 2, town 10 S., of R. 41, W. 6th P. M., Sherman county, state of Kansas, and located on a kind of a knoll near the half-way place on the west side of said quarter, and near the public road running north

and south on the west section line of said quarter, the distance being about 1½ miles south of the present site.   But if a site be refused or can't be had thereon, then take a site just across the section line west, and the half-way place near the road on southeast quarter sec. 3, 10 S., R. 42, 6th P. M., and if that location can't be had, then at any of the corners about one-fourth mile south of the above locations.   A ballot vote was cast, consisting of four votes, all of which was for the above motion for location and removal. Announced carried.''

After this the property was moved to the site first designated in said motion.

It was contended by the plaintiff in the district court that the attempted change of site by the annual meeting was void for the reasons :

(1) That the annual meeting had no authority of law to change the site once selected ; (2) that the appraisers who fixed the value of the schoolhouse were not legally chosen ; (3) that one of said appraisers was not legally qualified to act as such ; (4) that no site was designated.

Section 9 of chapter 63, General Statutes of 1897 (Gen. Stat. 1899, § 5927) provides :

''Every school district organized in pursuance of this act shall be a body corporate, and shall possess the usual powers of a corporation for public purposes.''

Section 18 of the same chapter (Gen. Stat. 1899, § 5937) provides :

''The inhabitants qualified to vote at a school meeting, lawfully assembled, shall have power :   .  .  . *Fourth*, to designate by vote a site for a district schoolhouse ;   .  .  .   *sixth*, to authorize and direct the sale of any schoolhouse site, or other property belonging to the district, when the same shall be ·no longer needful for the use of the district.''

It is contended by the defendant in error that the

authority to designate a site for a schoolhouse having been once exercised, no authority exists for designating another site or changing the location, except in cases where the valuation is $400 or more, under the provisions of sections 68 and 69 (Gen. Stat. 1899, §§ 5939, 5940.) This contention cannot be sustained. The evident intention of the legislature was to prevent the change of sites where the improvements were of considerable value without consent of a large proportion of the voters, but in case they were worth less than $400 to leave the voters participating in the annual meeting, or any special meeting legally called for that purpose, to act in their judgment for the best interest of the people.

We can see nothing in the law to sustain the contention that the appraisers were not legally selected. All the electors voting upon the question voted for them and that is all that is required. Under the reasoning of the decision in *Hughes v. Milligan*, 42 Kan. 396, 22 Pac. 313, Ellen Hulstrom was a freeholder as required by law; she and her husband resided upon land, as their homestead, the legal title of which was in the husband, and under the laws of Kansas she had "a present subsisting interest or estate in land."

The only remaining question requiring consideration is, Did the annual meeting designate the new site with sufficient definiteness to authorize the district board to remove the schoolhouse thereto? It is contended that this is not a designation of a site for a schoolhouse, but is a designation of six different sites, to any of which the district board could in its discretion remove the schoolhouse. We do not so understand the resolution. A site was mentioned apparently sufficiently definite to inform the board of the location desired, and to that site they moved the schoolhouse

as directed. It is not necessary to inquire what would have been the effect if they had moved it to one of the other locations afterward mentioned.

The judgment of the district court is reversed, and said court directed to render a judgment for the plaintiffs in error.