## Millard C. Shires v. Washington Irwin, Louis C. Schrader and T. Jefferson Noble, School Directors, etc.

1. Schools—Elections—*Location of School-house Sites.*—It is not lawful for a board of directors to purchase or locate a school-house site, or to purchase, build or move a school house or to levy a tax to extend schools beyond nine months, without a vote of the people at an election called and conducted as required by law. (R. S., Chap. 122, Sec. 151.)

2. Same—*Sufficiency of Notice of Election.*—If a notice of a school election is reasonably sufficient to inform the voter as to the purposes of the election and the matters to be voted upon, it is sufficient. If the intention of the voter can be fairly ascertained from his ballot, though not in strict conformity to law, effect will be given to that intention.

3. Same—*Election Not to be Nullified, When.*—An election can not be nullified by the mere neglect or omission of the election officers to make a proper return thereof.

Appeal from the Circuit Court of Mercer County; the Hon. Hiram Bigelow, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

Guy C. Scott, attorney for appellant.

Connell & Thomason, attorneys for appellees.

Mr. Presiding Justice Crabtree delivered the opinion of the court.

This was a bill in equity exhibited by appellant against appellees as school directors of district No. 4, township 15 north, range 5 west, in the county of Mercer, to restrain them from building a school house in said district.

It is stated by appellees, and not denied by counsel for appellant, that the old school house in the district had been destroyed by fire, and as a consequence thereof, there was a proposition started in the district to change the site and build a new school house.

An election was held upon certain notices given and posted by appellees, and the contention is that the notices and ballots were insufficient to carry the proposition to

build a school house, although it is conceded that they were sufficient to carry the proposition to change the school-house site and borrow money.

The notices given were as follows:

" Public notice is hereby given that on the 14th day of January, A. D. 1899, an election will be held at Union Church, School District No. 4, Township No. fifteen, range No. five west of the fourth principal meridian, in county of Mercer and State of Illinois, for the purpose of voting ' for' or ' against' the proposition of changing the school-house site; also for the purpose of voting ' for' or, ' against' the proposition to issue a bond of said district No. 4, to the amount of four hundred dollars, for the purpose of building a new school house, said bond to be paid one year from date of issue, with interest not to exceed seven per cent.

" The polls of said election will be opened at one o'clock P. M. and will remain open until four o'clock P. M.

" Dated this second day of January A. D. 1899."

An election was held at the time and place specified in the notices, at which thirty-four ballots were cast, upon eighteen of which appeared the words and figures following, to-wit:

" For the proposed school-house site the N. W. Cor. of the S. W. Qr. of section 29, house to be 20 rods south of the half section line.

" For issuing a bond to the amount of 4 hundred dollars to be paid one year from date with interest not to exceed 7 per cent."

Which was all that was written or contained upon any or either of the said eighteen ballots.

The remaining sixteen of said thirty-four ballots contained the following, to wit:

" For the present school-house site N. W. Cor. of S. W. Qr. of N. W. Qr. of Sec. 29, 1 acre.

" For issuing a bond to the amount of 4 hundred dollars to be paid one year from date with interest not to exceed 7 per cent."

Appellees, as officers of the election, made a return of the poll book to the school treasurer of the township as required by law, with a certificate thereon, in which certificate the

questions submitted and the result of the election were stated. Said return is as follows :

"Special election held at Union Church, Dist. No. 4, in tp. 15, range No. 5 W., 4th P. M. in Mercer county, State of Ill., on Saturday, the 14th day of January, 1899, for the purpose of electing :

"For and against borrowing $400, and issuing bond payable one year from date, int. not to exceed 7 per cent.

"For or against changing school-house site.

"For present school-house site of N. W. Cor. of S. W. of N. W. Sec. 29, received sixteen votes.

"For proposed school-house site N. W. Cor. S. W. quar, ter Sec. 29, house to be 20 rods south of the half Sec. line-received eighteen votes.

"For borrowing $400 and issuing bond, payable one year from date, interest not to exceed 7 per cent, received thirty-four votes.

"We, the undersigned, do hereby certify that the foregoing is a true tally list and correct statement of votes cast at the said election, and that the proposed school-house site, viz.: N. W. Cor. S. W. Qr. Sec. 29, was carried by two votes; also that the proposition to borrow $400 was carried by thirty-four votes.

"Dated this 14th day of Jan., 1899.

"L. C. Schrader,
"T. J. Noble,     "Washington Irwin,
"Clerk of Election.     "Judges of Election."

After the election, appellees being about to let a contract on February 24, 1899, for the building of a new school-house, appellant, claiming to be a resident and taxpayer of the school district, filed the bill herein on behalf of himself and other taxpayers, setting up the facts above stated, and praying an injunction against appellees to restrain them from erecting a new school house with funds and credit of the district. A temporary injunction was granted by the master in chancery.

Answers were filed and a motion made in vacation to dissolve the injunction. Affidavits were filed in support of the bill, and appellees filed the affidavits of the eighteen persons who voted in the majority, stating that by the ballots they cast, they voted, and intended to vote, for building a new school house.

On a hearing the injunction was dissolved and at the next term of court the bill was dismissed for want of equity and the complainant prosecutes this appeal.

The only question to be determined is, whether the notices, and the ballots cast at this election held in pursuance thereof, were legally sufficient to authorize appellees to build the school house in contemplation.

By Sec. 151, Chap. 122, of the Revised Statutes, it is provided :

" It shall not be lawful for a board of directors to purchase or locate a school-house site, or to purchase, build or move a school house, or to levy a tax to extend schools beyond nine months, without a vote of the people at an election called and conducted as required by section 4 of article 9 of this act."

Section 4 referred to, provides for the manner of giving notice and holding the election, and requires that " Such notices shall specify the place where such election is to be held, the time of opening and closing the polls, and the question or proposition to be voted upon."

In the case at bar it is not claimed the notices were not given for a sufficient length of time, nor that they did not properly designate the time and place, but it is contended they were not sufficiently definite as to the proposition to build a school house.

It must be admitted that the notices might have been drawn with more definiteness as to the proposition to build a school house, but yet, considering the notice as a whole, we are of the opinion it was sufficiently specific to enable the voters to know and understand what they were to vote upon.    It is conceded that all of the votes cast were in favor of the proposition to issue a bond of the district for $400 to be paid one year from the date of its issue with interest not to exceed seven per cent.    What was this bond to be issued for ?    Clearly, to raise money to build a new school house as stated in the notice.    This was the proposition voted for and carried.

The notice given in this case was very similar to the one in People v. Sisson, 98 Ill. 335, which was held sufficiently

definite to meet the requirements of the law. Too great nicety or precision ought not to be required in elections of this character, where school officers are not supposed to be learned in the law nor versed in legal technicalities. If the notice is reasonably sufficient to inform the voter as to the purposes of the election and the matters to be voted upon, we think the election should not be invalidated for want of absolute definiteness.

We hold in this case that the notice was sufficient.

The objection made to the form of the ballots is of a somewhat more serious character. It is insisted by counsel for appellant that the ballots are entirely silent on the question of building a new school house. It is true the ballots cast do not specifically vote to build a new school house, but when taken in connection with the notice and the other propositions to be voted upon, can there be any doubt as to what the eighteen persons who voted in the majority intended by their votes? We think not. The district was without a school house. A proposition was before the people to change the school-house site and borrow the money to build a new school house.

We have held the notice of the election for the purpose of submitting these propositions sufficient. In pursuance of such notice the election was held, at which eighteen out of the thirty-four votes cast were "for the proposed school-house site N. W. Cor. S. W. quarter Section 29, house to be 20 rods south of the half section line. For borrowing $400 and issuing bond payable one year from date, interest not to exceed 7 per cent."

Certainly no more technical rules should be applied to such an election than any ordinary election, and if not, then the general rule must prevail that if the intention of the voter can be fairly ascertained from his ballot, though not in strict conformity to law, effect will be given to that intention. (McKinnon v. The People, 110 Ill. 305; Behrensmeyer v. Kreitz, 135 Ill. 591.)

In the case last cited it was held that the ballot should be liberally construed and the intendments should be in

favor of a reading and construction which will render the ballot effective, rather than in favor of a conclusion which will, on some technical ground, render it ineffective. There can be no doubt of the wisdom and justice of this doctrine, and applying it to the ballots in question we can have no doubt as to the intention of those who cast the eighteen votes in the majority.

They filed a joint affidavit in support of appellees' answer to the bill; in which they all swear they intended to vote, and did vote, for building a new school house.

But without this affidavit, we are of the opinion the intention of the voters sufficiently appears so that their votes should be counted as having been cast in favor of the proposition to build a new school house.

A further point is made by counsel for appellant, that the returns of the election made by the directors to the school treasurer, only showed that two propositions were submitted to be voted upon, and that the building a new school house was not one of them.

A majority of the directors aver in their answer, that it was their intention by the notice given, to submit to the voters the proposition to build a new school house as well as to change the site and borrow money. All that can be said of the omission of that subject from their return of the election is, that it tends to contradict this statement in their answer. But we fail to see how the omission from the return would invalidate the election, if, as we hold, it was properly held, and the questions involved were fairly submitted to the voters.

If the position contended for by appellant is a correct one, then any election might be nullified by the mere neglect or omission of the election officers to make a proper return thereof. We are unwilling to give our assent to such a proposition, which would be in violation of the rule that effect must be given to the intention of the voters if that can be reasonably ascertained.

Our conclusion is that the decree was right and must be affirmed.