MARGARET PERRINE v. THE PENNSYLVANIA RAILROAD
COMPANY AND THE UNITED NEW JERSEY RAILROAD
AND CANAL COMPANY.

Argued February 23, 1905—Decided June 12, 1905.

1. Where a railroad company is required by its charter "to construct
   and keep in repair good and sufficient bridges or passages over or
   under the said railroad where any public or other road now or
   hereafter laid out shall cross the same, so that the passage of
   carriages, horses and cattle on the said road shall not be impeded
   thereby," the company is not thereby absolved from responding in
   damages to a party whose property rights are invaded by the com-
   pany in the performance of the public duty thus imposed. *Central
   Railroad Co.* ads. *State*, 3 *Vroom* 220, distinguished.
2. The Freehold and Jamesburg Agricultural Railroad Company,
   pursuant to its charter (*Pamph. L.* 1851, *p.* 201), constructed its
   railroad across a certain farm and across a highway that inter-
   sected the farm; the landowner conveyed to the company, for the
   purposes of its railroad, a strip of land one hundred feet wide, and
   in and by the deed of conveyance released the company "from all
   inconvenience and damage incident to the construction and use of
   said railroad." *Held*, that the damages thus released were such
   as resulted from the construction and operation of the railroad
   upon the one-hundred-foot strip, and not such damages as resulted
   from works elsewhere constructed by the company, although done
   for the general benefit of the railroad.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT and
PITNEY.

For the plaintiff, *Willard P. Voorhees* and *James H. Van
Cleef.*

For the defendants, *Alan H. Strong.*

The opinion of the court was delivered by

PITNEY, J.     The declaration sets forth that at the time of
the grievances complained of the plaintiff was seized and pos-
sessed of a farm in Middlesex county, with a dwelling-house

and other buildings situate thereon, through which farm runs a public highway known as the Washington road, the farm having a frontage of five thousand feet on each side of the highway; and that the defendants wrongfully raised the grade of the highway in front of the plaintiff's lands and dwelling-house to a height of five feet for a distance of three thousand feet, whereby the lands of the plaintiff were left so far below the grade of the highway that her dwelling-house became un-wholesome from the dampness of the surface water collected upon the premises, the lands of the plaintiff were damaged for farming purposes, and she was hindered and impeded in her ingress and egress to and from the highway; whereby the dwelling-house and buildings and lands of the plaintiff were greatly depreciated in value. No point is made in argument respecting the sufficiency of the declaration.

The defendants plead that the Freehold and Jamesburg Agricultural Railroad Company, a corporation created and existing by virtue of a public act of the legislature approved March 12th, 1851, did in the year 1864, under and in pursuance of said act, survey and lay out a railroad over and across a certain farm then owned in fee-simple by one Keough, which included the lands now of the plaintiff, and that for the purpose of the construction of the railroad over and across said farm, Keough by deed conveyed to said railroad company and its successors and assigns forever a certain strip or portion of his farm one hundred feet wide, and extending across the farm, and that said Keough did, among other things, in and by said deed, and for a money consideration, release the said Freehold and Jamesburg Railroad Company "from all inconvenience and damage incident to the construction and use of said railroad;" that this company thereupon constructed its railroad, in accordance with the provisions of its charter and supplement, upon and over the strip of land so conveyed by Keough, and thereafter used and operated the railroad, and that afterwards, and in the year 1874, pursuant to legislative authority, it conveyed said railroad, with its appendages, to the United New Jersey Railroad and Canal Company; that the last-mentioned company, by its agent, the Pennsylvania

Railroad Company, afterwards entered upon the operation of the railroad, and has since continued and still continues to use and operate the same; and that in 1893 Keough conveyed to the plaintiff the residue of said lands, excepting the portion conveyed by him to the railroad company, which residue is the land of the plaintiff mentioned in the declaration. The plea further avers that at the time of the conveyance by Keough to the Freehold and Jamesburg company the farm was crossed by the Washington road, the same being a public highway; that the railroad was necessarily constructed by that company upon said tract of land and across said highway below the grade or level of the highway, and in such manner that the highway was carried over the railroad by a bridge; that this bridge, as originally constructed and as existing at the time of the conveyance to the defendant, the United company, was so low as to endanger the lives of the employes of the railroad while such employes were upon cars passing under said bridge; that in order to avoid this danger it became necessary to raise the bridge and its approaches, and that the defendant the Pennsylvania company did, as the agent of the United company, and by its authority, at the said time when, &c., raise the said bridge, and in order to afford access thereto in the use of the said public highway, and to construct and afford a good and sufficient bridge and passage over the railroad, so that the passage of carriages, horses and cattle on the public highway should not be impeded thereby, did raise the grade of the highway as in the declaration mentioned, doing therein no unnecessary damage, and raising the grade of the bridge and approaches and the grade of the highway no more than was required for the purpose aforesaid; and that all of the said supposed grievances, and all of the inconvenience and damage sustained by the plaintiff as alleged in her declaration, were incident to the proper and lawful construction and use of the said railroad, and were included in the release so made by Keough to the Freehold and Jamesburg Agricultural Railroad Company.

To this plea a general demurrer is interposed on the grounds that the Keough release is not binding upon the

plaintiff; that it does not embrace the damages sustained by the plaintiff as alleged in her declaration; and that the inconvenience and damage to the plaintiff referred to in the pleading are not incident to the proper and lawful construction and use of the railroad.

The learned counsel for the defendant attempts to support the plea, without regard to the averment of the release, on the ground of public duty. The charter of the Freehold and Jamesburg Railroad Company (*Pamph. L.* 1851, *p.* 201), being by its own terms a public act, is properly to be noticed without being specially pleaded. Its ninth section contains the familiar provision making it the duty of the company "to construct and keep in repair good and sufficient bridges or passages over or under the said railroad where any public or other road now or hereafter laid out shall cross the same, so that the passage of carriages, horses and cattle on the said road shall not be impeded thereby." We are reminded that in *Central Railroad Co.* ads. *State,* 3 *Vroom* 220, it was held that a similar provision imposed upon the company the duty to keep the public highways at all times and under all circumstances, at the point where they cross the railroad, in a condition fit for safe and convenient use, and that to accomplish this end the power to alter the grade as public emergencies require must reside in the corporation. The doctrine of this case is well established; but the changes of grade thereby sanctioned are those which are required for the safety and convenience of the public who are entitled to use the highway. The decision does not go to the extent of sanctioning a change of the grade of the highway for the mere convenience of the railroad and its employes. But what is more important, the Central Railroad case was an indictment for a public nuisance, the obstruction of a public highway. To this it was a sufficient answer to say that the obstruction was caused by the lawful performance of a public duty that required the grade of the highway to be so changed that instead of crossing the surface of the railroad tracks it should be passed through a tunnel beneath the tracks. In the present instance we have to deal with a private nuisance. And although the legislature

may by statute impose a duty upon a railroad company such as may authorize or even require it to take private property for the public use, it cannot, under our constitution, authorize this to be done without compensation first made to the owner. And so, even did the facts set forth in the plea make out a case requiring a change of the grade of the highway in order to comply with a duty imposed by section 9 of the charter, it would not absolve the company from responding in damages to a party whose private property rights are invaded in the alteration of the road grade. *Clark* v. *Elizabeth*, 32 *Vroom* 565, 575, 576.

Next it is insisted that the release embodied in the Keough deed discharges the damages in question. The charter already referred to, besides authorizing the construction and operation of the railroad, provides in the usual terms that if the company cannot agree with the owner of the required lands for the use or purchase thereof, commissioners are to be appointed "to appraise the said lands and to assess the damages," and it is made their duty "to make a just and equitable assessment or appraisement of the value of the same (lands) and assessment of damages aforesaid." An appeal is provided for, in which case it is made the duty of a jury "to assess the value of the said land and damages sustained." Manifestly the award was to include not merely the value of the strip of land occupied by the railroad, but all incidental damages to the adjacent lands which might result in the future from the construction and operation of the railroad according to the provisions of the charter, and with proper care and skill. *Van Schoick* v. *Delaware and Raritan Canal Co.*, *Spenc.* 249; *Trenton Water Power Co.* v. *Chambers*, 2 *Beas.* 199.

As we construe the deed of conveyance and release set forth in the plea, it was designed to vest in the company precisely the same title to the lands described therein, and the same incidental rights, as if the strip of land had been condemned for railroad purposes. Whatever inconvenience and damage incident to the construction and use of the railroad would properly have been taken into consideration by commissioners in making up their appraisement are fairly included in the

Keough release. Beyond that the release, in our opinion, does not go. These damages, as we think, included only such as result from the construction and operation of the railroad upon the one-hundred-foot strip, and not damages resulting from works elsewhere constructed by the company, although done for the general benefit of the railroad. *Delaware and Raritan Canal Co.* v. *Lee,* 2 *Zab.* 243 (at *p.* 250). Since the charter contains, and could constitutionally contain, no grant of the right to change the highway to the damage of private property without compensation to the owner, it is, we think, going altogether too far to say that the conveyance to the company of a strip of land one hundred feet wide across the farm, accompanied by a release from all inconvenience and damage incident to the construction and use of said railroad, operated to release damages incident not to anything done upon the one-hundred-foot strip that was the subject of conveyance, but to the raising of the grade of a highway to a height of several feet for a distance of some hundreds or thousands of feet.

Were there doubt of this, it remains to be said that the release plainly relates to the construction and use of the railroad as it was then about to be constructed, and if it was intended to incidentally authorize any alteration in the grade of the highway apart from the one-hundred-foot strip, it contemplated but a single construction. The railroad having been accordingly constructed in the year 1864, and nearly forty years having elapsed before the change of the highway grade now complained of, the applicancy of the release in that behalf seems to have been exhausted. No doubt the railroad company is still at liberty to change the grade of its railroad in order to pass its trains safely beneath the highway bridge; but we are unable to see that it has the right to impose additional burdens upon lands of the plaintiff, outside of the strip conveyed by Keough, in the effort to accomplish this purpose.

The plaintiff is entitled to judgment on the demurrer.