KATE LONGWORTH (AND HUSBAND) vs. THE MERIDEN & WATERBURY RAILROAD COMPANY.

New Haven & Fairfield Cos., Jan. T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

It is provided by Gen. Statutes, § 3464, with regard to the taking of land by railroad companies, that appraisers may be appointed "to estimate all damages that may arise to any person from the taking and occupation of such real estate," and that the appraisers "shall view the premises and estimate such damage." Held that damage to other land of the same owner, distinct from and not connected with the land taken, caused by acts of the railroad company not done on the land taken, though rendered necessary by its occupation, are not in contemplation of law to be considered as arising from such taking.

[Argued January 19th—decided February 29th, 1892.]

ACTION for damages to a house and lot of the principal plaintiff by the act of the defendant railroad company in raising the grade of a street; brought to the District Court of Waterbury. The defendants filed a special answer, to which the plaintiffs replied, and the defendants demurred to the reply. The court (*Bradstreet, J.,*) sustained the demurrer, and rendered judgment for the defendants, and the plaintiffs appealed. The case is fully stated in the opinion.

*J. O'Neill*, for the appellants, cited *Hooker* v. *New Haven & Northampton Co.*, 14 Conn., 174; *S. C.*, 15 id., 312; *Denslow* v. *N. Haven & Northampton Co.*, 16 id., 98; *Bradley* v. *N. York & N. Haven R. R. Co.*, 21 id., 294; *Nicholson* v. *N. York & N. Haven R. R. Co.*, 22 id., 74; *Burritt* v. *City of New Haven*, 42 id., 174; *Mootry* v. *Town of Danbury*, 45 id., 550; *Delaware Canal Co.* v. *Lee*, 2 Zabr., 243; *Eaton* v. *Boston, Concord & Montreal R. R. Co.*, 51 N. Hamp., 504; *In re N. York, West Shore & Buffalo R. R. Co.*, 101 N. York, 685; Dillon's Mun. Corp., (4th ed.,) § 992, and note.

*S. W. Kellogg*, for the appellees, cited Lewis on Eminent Domain, §§ 475, 565; Mills on Eminent Domain, § 216; *Haines* v. *St. Louis, Des Moines & Northern R. R. Co.*, 65 Iowa, 216.

FENN, J. The pleadings in this case, embracing the original complaint, a substituted complaint, answer, reply and demurrer, present for our consideration the legal sufficiency, as a cause of action, of the following facts:

On September 21st, 1887, the plaintiffs conveyed to the defendants, for the sum of $2,000, a certain piece of land in the city of Waterbury, described as beginning at a station in the center line of location of the defendants' railroad, and further describing it by courses, distances and bounds, extending about one hundred and fifteen feet and containing about eighty-four thousandths of an acre, retaining the right to occupy to the face of the bank wall for building purposes. The conveyance was in the form of an ordinary

warranty deed, and the object of the conveyance or purchase was not stated therein. It was, however, made after the railroad of the defendants had been located and after the railroad commissioners had directed, according to law, that the railroad should pass under Baldwin street bridge, so called, near the plaintiffs' premises, and the land conveyed was a strip necessary for the building and occupation of the railroad. At that time the plaintiff Kate L. Longworth was, and ever since has been, the owner of another piece of land near that deeded by the plaintiffs to the defendants, on which land were valuable buildings containing stores and tenements. Said premises, the street, the sidewalks in front of the buildings, and Baldwin street bridge, were at about the same level or grade. Between June 1st, 1888, and June 1st, 1889, the defendants raised the bridge six feet and four inches above its former level and grade, and raised the grade of the street in front of the plaintiffs' premises to correspond therewith, and the plaintiffs' premises were depreciated and damaged thereby to the extent of $3,000. These acts were done by the defendants in pursuance of the orders of the railroad commissioners, fixing the height and width of the bridge, and for the purpose of restoring the street to its former usefulness.

The District Court of Waterbury sustained the defendants' demurrer to the plaintiffs' reply, thereby holding these facts insufficient, and the plaintiffs appealed; the appellants assigned this action as error, and further, which presents the real question, that "the court erred in holding that the consideration for a deed of land to the defendants included, as a matter of law, compensation for damage to other land of the plaintiff grantor, distinct from and not connected with the land conveyed, and where the damage was caused by acts of the defendants not done on the land so conveyed."

It is the claim of the defendants that General Statutes, § 3464, provides for the appointment of appraisers to estimate *all* damages that may arise to any person from the taking and occupation of real estate for railroad purposes; that under this statute, if appraisers had been appointed to esti-

mate the plaintiffs' damages, they should have included in their award the damages caused by the raising of the bridge and road-bed as stated, they being, as the defendants claim, "immediate incidental damages which all parties could foresee and understand;" and they further claim that the deed of the plaintiffs to the defendants was in effect a release and satisfaction of all the damages that could have been assessed by appraisers under the statute; that it took the place of an appraisement and estops the plaintiffs from claiming any damages that might have been included in the appraisement if one had been made. Let us see if this claim can be supported.

The language of the statute relied upon, § 3464, is as follows:—"When any railroad company shall have the right to take real estate for railroad purposes, and cannot obtain it by agreement with the parties interested therein, it may apply to any judge of the Superior Court for the appointment of appraisers to estimate all damages that may arise to any person from the taking and occupation of such real estate for railroad purposes." And further on, the same section provides that the appraisers appointed "shall view the premises and estimate such damage."

The first question, therefore, is, whether damage to other land of the same owner, distinct from and not connected with the land taken and occupied, caused by acts of the defendants not done on the land taken and occupied, though rendered necessary by reason of such occupation in the manner required, is, in contemplation of law, to be considered as arising from such taking and occupation.

In *Bradley* v. *New York & New Haven R. R. Co.*, 21 Conn., 294, *Nicholson* v. *New York & New Haven R. R. Co.*, 22 id., 74, and *Burritt* v. *City of New Haven*, 42 id., 174, it was held that acts similar to those in question did not constitute a taking of land, but that the persons injured were entitled to damages in an action at law. The defendants claim these cases are not in point, since in none of them had damages been assessed or paid to the owners of the property injured by the railroad company on the construction of their road,

nor had there been any deed or agreement of such owners. It is not urged, however, by the defendants, that these cases in any way sustain their contention. Nor is this claim made as to any other case within this jurisdiction, and we think that they do afford some argument in support of the plaintiffs' claims, for while it is undoubtedly true, as admitted in *Imlay* v. *Union Branch R. R. Co.*, 26 Conn., 249, 260, that "where land is taken, injury to the adjacent territory owned by the same proprietor is always to be considered by appraisers," yet such a statement should not be construed as holding that where the land injured is neither taken nor injured by reason of its separation, nor by acts done upon the premises in fact taken, such damages are to be considered and included as damages occasioned by the taking.

The defendants, however, rely upon the general doctrine of the decisions, as stated in Lewis on Eminent Domain, § 565, and the authorities cited in its support, which is, in substance, that the damages must be assessed once for all, and that when once assessed according to law they include all the injuries resulting from the particular appropriation, and from the construction and operation of the works in a reasonable and proper manner for all time to come. Although the learned author himself severely criticises and condemns this rule, it may, at least for the purposes of this case, be accepted without discussion, since, in considering its application in § 568, the same writer says :—" The rule stated in the foregoing section applies only to damages from the construction of works upon the land to which the assessment relates. If parts of black-acre and white-acre are taken, and if the works, as constructed upon black-acre, produce damage to white-acre, then there is no presumption that those were included in the assessment to the proprietor of white-acre, and he may recover therefor the same as though no land of his had been taken for the work." And *Eaton* v. *Boston, Concord & Montreal R. R. Co.*, 51 N. Hamp., 504, and also *Delaware Canal Co.* v. *Lee*, 2 Zabr., 243, are cited. The case *In re N. York, West Shore & Buffalo R. R. Co.*, 101 N. York, 685, cited by the plaintiffs, is also in point,

and we think these authorities abundantly sustain the position of the plaintiffs; and in accordance with the principles therein contained, we hold that an appraisal of damages, under General Statutes, § 3464, for the taking and occupation of the real estate which was, in fact, conveyed by the plaintiffs to the defendants, would not have presumptively included such injuries to other and detached land as those of which the plaintiffs complain.

This conclusion renders it unnecessary to consider the further contention of the defendants as to the effect of the deed, since of course it is not and could not be contended that it would have a more extended scope than an appraisement.

There is error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.