THE other judges concur.

———

A. & N. R. Co. v. AUGUST BOERNER.

[FILED MARCH 16, 1892.]

1. **Eminent Domain:** TOWN LOTS: ELEMENTS OF DAMAGE. Where several contiguous town lots are used and treated by the owner as one property, in estimating his damages occasioned by the appropriation by a railroad company of one of such lots and parts of two others for its right of way, the injury to the entire property should be considered, although the petition filed by the railroad company for the appointment of commissioners only describes the lots across which the road is located.

2. ———: AWARD: APPEAL: THE JUDGMENT OF A DISTRICT COURT on appeal, from an award of damages in condemnation proceedings, is conclusive upon the parties as to all questions actually litigated therein, and as to all matters necessarily within the issue joined, although not formally litigated. Rule applied.

3. ———: CLOSING STREET: ACTION BY ADJACENT OWNER. The

defendant company constructed its road across plaintiff's real estate and permanently obstructed a public street upon which the property abuts at a distance of several hundred feet from the premises. *Held*, That the owner could maintain a suit at law for the damages sustained by reason of the closing of the street.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*T. M. Marquett, J. W. Deweese,* and *E. W. Thomas,* for plaintiff in error:

The trial in the district court determined the amount of damages due to Boerner. (Mills, Eminent Domain, sec. 216; *Montmorency Gravel Road Co. v. Stockton,* 43 Ind., 328; *Blakely v. R. Co.,* 25 Neb., 207; *Laflin v. R. Co.,* 33 Fed. Rep. [Wis.], 422; *C., K. & N. R. Co. v. Wiebe,* 25 Neb., 547; *F., E. & M. V. R. Co. v. Whalen,* 11 Id., 585.) Where a portion of the real estate is taken, the remedy by statute for all damages is exclusive. (*C. & H. V. R. Co. v. Gardner,* 32 Am. & Eng. R. Cases, 243 and notes; *R. V. R. Co. v. Fellers,* 16 Neb., 169 ; *M. P. R. Co. v. Hays,* 15 Id., 227; *Clark's Adm'r v. R. Co.,* 36 Mo., 222 ; *Hanford v. R. Co.,* 42 N. W. Rep. [Minn.], 596; *Lake Sup. Land Co. v. Emerson,* 38 Id., 200; Pierce, Railroads, 211; *Phipps v. R. Co.,* 7 Atl. Rep. [Md.], 556.)    Having a right to build and operate a railroad over the ground condemned, the company necessarily had the right to reach this ground. (*Babcock v. R. Co.,* 9 Met. [Mass.], 556; Shep., Touch., 89; 1 Redfield's R. R. Cases, 279, and note on pp. 283, 284.)

*John Gagnon,* and *C. Gillespie, contra,* cited, as to the plea of estoppel and *res adjudicata: Hartley v. Gregory,* 9 Neb., 279; 8 Wait's A. & D., 537; *Wadsworth v. Connell,* 104 Ill., 369; *Wilch v. Phelps,* 16 Neb., 515 ; *Russell v. Place,* 4 Otto [U. S.], 606 ; *Bingham v. McDowell,* 19 Neb., 413.

NORVAL, J.

This action was brought in the court below by August Boerner, the defendant in error, to recover damages by reason of the construction of the Atchison & Nebraska railroad near his real estate, in the town of Rulo. There was a trial to a jury, who assessed the damages at $1,500. The defendant's motion for a new trial was overruled and judgment entered on the verdict, to reverse which the railroad company brings error.

The property in question is lots 5, 6, 7, and 8, in block 2, in Rouleau & Bedard's addition to the town of Rulo. The lots are bounded on the east by Commercial street, and on the north by Rouleau street. There is an alley running north and south through the center of the block. Lots 7 and 8 run east, fronting upon Commercial street, and the rear ends abutting upon the alley. Lots 5 and 6 run north and south, abutting against lot 7 and fronting on Rouleau street. Lot 6 lies along Commercial street, and lot 5 adjoins lot 6 on the west. Lot 4 in the same block lies between lot 5 and the alley. On lot 6 there is a two-story frame brewery building used and operated by the defendant in error. There is also upon the lots a residence, ice house, and outbuildings.

In 1886 the plaintiff in error constructed its line of railroad in the center of said alley, running north and south, extending through the next two blocks south of block 2, thence curving to the east across Commercial street, making a deep excavation across the street which completely obstructed the travel thereon. A high embankment was constructed through block 2 for the road-bed, and a trestle bridge was built across Rouleau street, near the northwest corner of Boerner's property, so as not to impede the travel upon the street.

Prior to the location and construction of the railroad the plaintiff in error caused to be condemned, for right of way

purposes, said lot 4 and the west thirty-five feet off the rear ends of said lots 7 and 8, and deposited with the county judge, as provided by law, the amount of damages assessed by the commissioners. From the award an appeal was taken to the district court. The defendant in error was a party to the condemnation proceedings, as was also one Charles Gagnon, who claimed an interest in lot 4. Judgment was rendered in the district court for $700 as damages sustained by reason of the appropriation of lot 4, which sum was apportioned between Boerner and Gagnon according to their respective interests in the lot, after deducting the amount of taxes on the lot due the county. Boerner accepted and receipted for his share of the money, and in the arrangement allowed the railroad company $150 for the dwelling house which stood on lot 4, and he subsequently moved the building therefrom onto lot 7 in question, where he has since resided. The sum of $100 was assessed for the taking of the portions of lots 7 and 8, the greater amount of which went to the county treasurer in payment of the taxes charged against the lots.

It is contended by the railroad company that the defendant in error is estopped by the adjudication in the condemnation proceedings from prosecuting this action. The soundness of this position depends upon whether the matters now sought to be litigated were directly involved in the former litigation. If they were, this suit cannot be maintained, for the judgment of a court having cognizance of the subject-matter is conclusive upon the parties thereto as to all questions therein actually litigated, as well as all matters necessarily within the issue joined, although not formally litigated. (Wells, Res Adjudicata, secs. 10, 217.)

The undisputed testimony discloses that lots 4, 5, 6, 7, and 8 in said block 2 lie contiguous to each other, upon which the defendant in error had resided for nearly a quarter of a century prior to the location of the railroad, and had operated the brewery situated on one of the lots. All

the lots at the time of the proceedings to condemn lot 4 and parts of lots 7 and 8 were improved and used as one property.    The land-owner had the right to have considered the depreciation in value of the portion of his property not taken, resulting from the proper construction and careful operation of the road over his premises, the measure of his damages being the value of the strip actually appropriated and the diminution in value of the portion remaining.    Although but a part of the lots are described in the proceedings to condemn, yet neither the commissioners nor the district court on appeal from the award, were confined in their investigation to the damages done to the lots mentioned in the petition for the appointing of commissioners.    It was proper for the commissioners and the jury to consider the direct effect of the location of the road upon the entire tract.    Any other rule, would put it in the power of a railroad company to limit the amount of damages in condemnation proceedings, by describing in the petition to the county court for the appointment of commissioners to condemn its right of way, a portion of the tract over which its road is to be constructed.    The rule for which we contend is fully sustained by the authorities.

In *Wilmes v. M. & N. W. Ry. Co.*, 29 Minn., 242, plaintiff was the owner of 120 acres of land, consisting of three forties in a line from east to west which he occupied and used as a farm, his residence being upon the east forty. The railroad corporation having located the line of its railway across the two westerly forties, commenced proceedings for condemnation, describing in the petition only the two forties through which the road crossed.    It was held that the owner was entitled to have considered as an element of damages the effect of the appropriation of the right of way upon the entire 120 acres of land.

In *Sheldon v. M. & St. L. Ry. Co.*, 29 Minn., 318, the tract of land contained about thirty acres, a part of which had been laid out and platted into village lots, but the

owner continued to use the whole tract as one farm.   The railroad company filed its petition to acquire the right of way across the land by condemnation, in which was described only the particular lots, according to the plat through which the line of road was located, and made no mention of the remainder of the tract.   It was decided that the land-owner was not limited in the damages he was entitled to recover to the lots described in the petition, but was entitled to compensation for damages done to the whole tract out of which the right of way was taken, and that it was not necessary that the land-owner should have the description in the petition corrected so as to include the entire tract.

In *Cummins v. Des Moines & St. L. R. Co.*, 63 Ia., 397, proceedings were instituted by the railway company for the condemnation for right of way purposes, one of two contiguous city lots owned and occupied by Cummins as one property.   But one lot was described in the proceedings.   It was held that he was entitled to compensation for the injury to the property as a whole.

*Port Huron & S. W. Ry. Co. v. Voorheis*, 50 Mich., 506, was a proceeding to condemn, for right of way and depot grounds, one of six lots owned and occupied by Voorheis as a homestead.   The lots were divided by an alley.   The petition, in describing the land sought to be appropriated, only refers to one lot.   It was ruled that the award of damages could not be confined to the portion actually taken, but must cover such actual injury as is done to the entire homestead, including the easement in the alley.

The same principle was recognized by this court in the case of *N. E. N. R. Co. v. Frazier*, 25 Neb., 42.   MAX-WELL, J., in the opinion says: "The rule is, that where a railway runs through an entire tract, the land-owner is entitled to all the damages which result to him from the taking.   He is not limited to the lands described in the

petition of the railway company, nor the award of the commissioners, but may show the facts and circumstances and direct effect upon his land, accompanying or flowing from such appropriation. * * * In other words, just compensation for real estate taken or damaged entitles the owner of several descriptions used as one farm or body of land to compensation for injury to the whole, although the right of way extends across but one or two of the subdivisions."

To the same effect are *K. C., E. & S. R. Co. v. Merrill,* 25 Kan., 421; *A. & N. R. Co. v. Gough,* 29 Id., 94; *Parks v. Wisconsin Central R. Co.,* 33 Wis., 413; *Hartshorn v. B., C. R. & N. R. Co.,* 52 Ia., 613.

At the trial the defendant in error was permitted to prove that the company constructed through the block in question, a grade for its road-bed to the height of twenty three feet; that since its construction the rains have washed the dirt from the grade onto the remaining portion of his lots to the depth of several inches; that the engines throw dust, soot, smoke and sparks upon the property; that the buildings are in danger of being destroyed by fire from sparks cast from the engine, and by reason thereof he is unable to obtain any insurance. He was also permitted, over defendant's objections, to prove the value of the property before the railroad was built and its value immediately after its construction. This testimony was clearly incompetent.

The evidence shows that the railroad was staked out at the time the condemnation proceedings were commenced, and that the road was subsequently constructed on the line thus located. The assessing of the damages for the appropriation of a portion of Boerner's property covered all damages to the whole property occasioned by the location and construction of the road across the premises. (*C., K. & N. R. Co. v. Wiebe,* 25 Neb., 547.) The legislature has provided a mode for determining the damages where any

portion of the owner's property is taken for railroad pur-
poses. In such case the damages are to be appraised by
commissioners appointed by the county judge for that pur-
pose, and if either party is dissatisfied with the award, an
appeal may be taken to the district court. Boerner was
entitled to have all proper elements of damage considered
by the commissioners, and, if they failed to do so, he can-
not afterwards maintain an action to recover damages thus
omitted, which were necessarily involved in the issues in
the condemnation proceedings, and which he was bound to
present for their consideration therein.

It is contended by counsel for defendant in error that in
the condemnation case no compensation was made for dam-
ages sustained by reason of the building of the railroad
across Ruleau and Commercial streets and in the alley
through said block 2.

The evidence shows that the property was not damaged
by the construction of the railroad across Ruleau street.
It was spanned by a bridge which permitted the street to
be used by the public the same as before the road was built.
It will be conclusively presumed that the depreciation in
value of the property by reason of the building of the
road in the alley, if any, was considered and allowed by
the commissioners. After the railroad company had ap-
propriated to its use lot 4 and parts of lots 7 and 8, the
alley was no longer of any value to defendant in error, for
he could not use it for the purpose of ingress to and egress
from the remainder of his lots. This fact was doubtless
taken into consideration in the condemnation case and
proper compensation allowed; therefore, had that portion
of the property taken by the railroad company been sold
to an individual and the purchaser closed the alley, Boerner
could not have recovered damages because he suffered none,
and for the same reason he is not entitled to compensation
in this case for the building of the road in the alley.

The only remaining point to be considered relates to the

obstruction of Commercial street.    That defendant in error
was entitled to compensation for the depreciation in the
value of his property occasioned by the closing of the
street, there is no room for doubt. (*Gottschalk v. C., B. &
Q. R. Co.*, 14 Neb., 550; *H. & G. I. R. Co. v. Ingalls*,
15 Id., 123; *O. & R. V. R. Co. v. Rogers*, 16 Id., 117;
*C., K. & N. R. Co. v. Hazels*, 26 Id., 364.)

The question presented is whether an abutting lot owner
may, by an action at law, recover damages for the interfer-
ence with his easement in a street by a railroad company,
where a portion of his property abutting thereon has been
appropriated by the corporation for purposes of right of
way.    That such an action may be maintained where no
part of the plaintiff's property has been appropriated to
the use of the company, but is injured by the permanent
interference with his easement in the street upon which his
real estate abuts, is no longer an open question.    The doc-
trine is sustained by the decisions of this court. (*B. & M.
R. Co. v. Reinhackle*, 15 Neb., 279; *R. V. R. Co. v. Fel-
lers*, 16 Id., 169; *H. & G. I. R. Co. v. Ingalls*, 15 Id.,
123; *O. & N. P. R. Co. v. Janecek*, 30 Id., 276.)

Likewise, it has been held by this court that in condem-
nation proceedings it is proper to consider, as an element
of damages, the depreciation in value of his property, re-
sulting from the construction of a railroad across a public
highway adjoining the premises. (*S. C. & P. R. Co. v.
Weiner*, 16 Neb., 272.)    That was an appeal from the as-
sessment of damages returned by commissioners for the
location of a railroad across the defendant's land.    The
railroad track crossed a public road thirty-seven feet below
the level of the highway.    The defendant, over the objec-
tion of the plaintiff, introduced testimony on the trial in
the district court, "as to the situation of the land, as to
abruptness and descents, in connection with which the nec-
essary cutting down and grading ·of the bed of the high-
way would render a portion of the land inaccessible to said

highway." This court was asked to reverse the case because of the admission of this testimony. The objection was overruled. In passing upon the question the court in the opinion says: "The railroad company, having acquired the right of way over defendant's land, must be presumed to intend to cut down its road-bed according to the plan and profile as testified to by its engineer; in which case, as I understand the law, it would be its duty to also cut down and grade the highway so as to give it a proper gradient for the passage of vehicles. And if, by reason of the peculiar situation and topography of her land, such cutting down of the highway would be an additional damage to the land, I know of no reason why it should not be allowed to her, but, on the contrary, I think that the provision of the constitution, as well as considerations of justice, would give it to her. Hence, any proper testimony was admissible for the purpose of enabling the jury to ascertain the fact and extent of such damage."

We do not question the soundness of the authority to which we have just referred, but it is not applicable here, for the reason that it is predicated upon facts materially different from those disclosed by the record before us. In that case the interference with the highway was immediately in front of the plaintiff's property, which rendered a portion thereof inaccessible to the highway. While in the case we are considering, the point where the street was closed was more than 1,000 feet from Boerner's premises, and the injury thereby sustained, if any, was so far separate and distinct from that resulting from the taking of a portion of his lots, as to permit him to bring the action. There is no presumption that such question was litigated in the condemnation case, nor is there anything in the record to warrant an inference that such matter was therein adjudicated. Nor is there any testimony from which it can be determined what damage, if any, defendant in error sustained on account of the closing of Commercial street.

As previously stated, the testimony related to the depreciation in value of the property by reason of the construction and operation of the road over the lots, instead of being confined to the matter closing the street.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED,

THE other judges concur.