ATCHISON & NEBRASKA RAILROAD COMPANY V.
AUGUST BOERNER.

FILED JUNE 18, 1895.    No. 6121.

1. **Eminent Domain:** CONDEMNATION PROCEEDINGS: JUDG-MENT ON APPEAL. *Atchison & N. R. Co. v. Boerner*, 34 Neb., 240, reaffirmed.

2. ———: ———: ———. Instructions examined, and *held* not erroneous.

ERROR from the district court of Richardson county. Tried below before BUSH, J.

*T. M. Marquett, J. W. Deweese,* and *E. W. Thomas,* for plaintiff in error.

*F. Martin, John Gagnon,* and *C. Gillespie, contra.*

IRVINE, C.

This case was before the court in 1892, when it was reversed and remanded for a new trial. (*Atchison & N. R. Co. v. Boerner*, 34 Neb., 240.) The facts were stated in the former opinion. After the former mandate another trial was had, resulting in a verdict and judgment for Boerner, and the railroad company brings the case here for review.

The principal question argued is the correctness of the former decision, and counsel for the railroad company very frankly state that the case would not be again brought here were it not for their conviction that the former decision was wrong. The court on the former hearing determined that a judgment on appeal from an award of damages in condemnation proceedings is conclusive as to questions actually litigated therein, and as to all matters necessarily within the issues, although not formally litigated; but that the condemnation proceedings and the judgment on appeal therefrom, while they involve all questions of damages caused by the appropriation of that portion of land which was appropriated, and all questions in regard to damage incidentally caused to the remainder of the tract by reason of the appropriation and the proper construction and maintenance and operation of the railroad on the land appropriated, do not involve damages caused to the land by reason of interference with an easement in a public highway by the railway's crossing such highway at some distance from the land. We are satisfied with the conclusions reached on the former hearing, and while we have examined the argument of the railroad company on this point with interest, we do not think that we should depart from the rule already announced in the case. It is not necessary at this time to restate the reasons therefor. We pass on, therefore, to a consideration of the new questions presented on the second trial.

It is assigned as error that the court erred in permitting the plaintiff to prove the value of the property immediately before the construction of the railroad and its value immediately after. This assignment is too general to indicate the precise ruling complained of. Several witnesses testified to the value of the property before the railroad was constructed. All this testimony was objected to, but we think it was clearly admissible as one step in proving the damage. Several questions were asked in different

forms, by which it was sought to show the value after the railroad was constructed. Every objection made to questions of this character was sustained. From the form of the questions we presume that the objections were sustained because the questions did not limit the witnesses to a consideration of the depreciation in value caused by the obstruction of Commercial street at the crossing. At any rate, since the objections were sustained, the railroad company cannot complain.

The following instruction was excepted to: "The jury are instructed that the property of no person can be taken or damaged for public use without just compensation therefor; and if the jury believe from the evidence that plaintiff owned and occupied buildings upon lots 5 and 6, in block 2, of Rulo and Bedard's addition to the city of Rulo, constructed for and suitable for a particular business which the plaintiff was engaged in carrying on therein, and to which the free and uninterrupted use of Commercial street was beneficial, and that the defendant obstructed Commercial street adjoining said property, and that said obstruction made access to said property so difficult or inconvenient as to depreciate the value of said property, that is such a damage as entitles plaintiff to compensation, and your verdict should be for plaintiff in such sum as you believe from the evidence he has been damaged by such obstruction." The first objection to this instruction is because it stated the constitutional provision that property cannot be taken or damaged for public use without just compensation therefor. It is argued that this left the case open to a consideration of all damages whether covered by the condemnation proceedings or not. This is not true, because in several of the instructions given, the court, in the most direct and emphatic terms, informed the jury that they could only consider such damages as the property sustained by reason of the obstruction of Commercial street. It is also argued that the instruction was erroneous because it called

attention to the business which Boerner had carried on on the property, and allowed damages for injury to that business. But when the instruction is read, it will be observed that it limited the jury to a consideration of the depreciation in the value of the property, because of its being rendered less suitable for the business to which it had been adapted, and by other instructions the jury was told that injury to the business itself could not be considered.

The second instruction was objected to because it was too general in its terms. This instruction was as follows: "The jury are instructed that if they believe from the evidence under the instructions of the court that the plaintiff is entitled to recover in this action, your verdict should be for the plaintiff in such sum as you believe from the evidence his property has been injured or damaged by reason of the obstruction of Commercial street." The instruction certainly was not erroneous in its terms, and a specific instruction in regard to the measure of damages was given at the request of the railroad company itself. The other questions argued were either covered by the former opinion, or relate to questions already incidentally decided. We find no error in the record.

JUDGMENT AFFIRMED.