## No. 8875.

### KELLER *v.* MILLER.

1. EMINENT DOMAIN—*Damages to Residue—What Excluded.* Under Revised Statutes, section 2420, the land owner cannot be awarded damages for injuries resulting from the operation of ditches and drains which do not lie upon the land condemned, but upon lands of others than the respondent. Damages to the residue of respondent's lands resulting by what is done elsewhere than on the part taken are not to be considered.

2. *Verdict and Judgment.* Where the form of the verdict and of the judgment do not appear to be such as affect the substantial rights of plaintiff in error, if such form were erroneous, the appellate court will not pass upon the correctness of such form.

3. *Costs—Constitutional Law.* Section 2424 of the Revised Statutes in so far as it authorizes costs to be taxes against the land owner is in violation of section 15, article II of the Constitution, as such taxation would diminish the compensation guaranteed.

*Error to Montrose District Court, Hon. Thomas J. Black, Judge.*

Mr. HUGO SELIG and Mr. HENRY A. COX, for plaintiff in error.

Messrs. CATLIN & BLAKE, for defendant in error.

Mr. Justice Allen delivered the opinion of the court:

F. H. MILLER, plaintiff below, instituted proceedings under the Eminent Domain Act to condemn a right of way

for a drain ditch upon the land of Lina Keller, defendant below. The land on which this right of way is located will be hereinafter referred to as the Keller north forty.

The defendant filed a cross-petition alleging, in substance, that she is also the owner of the forty acres lying immediately south of the Keller north forty; that a ditch which carries water through plaintiff's drainage system lies adjacent and contiguous to this south forty, for a distance of a quarter of a mile along the upper side, which is the east side of said south forty acres; that water is seeping, percolating and overflowing from said ditch, along its entire length, and that plaintiff's ditch and drainage system have injured and will injure the said south forty-acre tract as well as the lands described in the petition, or the north forty.

On motion of plaintiff, the trial court struck from the files the cross-complaint "insofar as the same relates to damages arising from the construction and operation of a ditch on other lands than the land of the respondent."

The facts of the case, and the applicability of the law thereto, may be more clearly understood if it is borne in mind how the several tracts of land mentioned in the record are situated with reference to each other. The land of the defendant Keller consists of eighty acres, the same being the north forty described in plaintiff's petition, and the south forty. The land of the plaintiff Miller lies southeast of the Keller land. North of the Miller land, and east of the Keller south forty, adjoining same, is the McCormick tract. East of the Keller north forty, adjoining same, is the Beckman tract. The drainage ditch of plaintiff commences on plaintiff's land, thence runs north close to the eastern boundary of the Keller south forty, but lying upon the McCormick land; thence continues north for a short distance along the eastern boundary of the Keller north forty, but upon the Beckman land and thence runs westerly for a short distance into the Keller north forty. The land taken by the plaintiff by these condemnation proceedings is a strip lying in the Keller north forty, which is occupied by the ditch after it enters the Keller land.

The first and main ground and contention argued by plaintiff in error, defendant below, is that the trial court erred in excluding from the consideration of the jury the question of damages, if any, to the lands of defendant caused by the construction of a drain ditch by plaintiff on the lands of McCormick and Beckman adjoining defendant's land on the east and not sought to be condemned by these proceedings.

This contention involves the correctness of the following instruction given by the court to the jury:

"The court instructs the jury that you may take into consideration in assessing damages any interference with the irrigation of defendant's lands, and seepage and percolating waters that you may believe from the evidence to follow from the construction and operation of the ditch of petitioner across the lands of respondent, and deprivation, if any, of any special use defendant has for said lands taken or those adjacent thereto."

The defendant, plaintiff in error, complains that this instruction was erroneous because it "limited respondent's damages to the construction and operation of the ditch on the lands of respondent, and withdrew from the consideration of the jury damages present and prospective from the operation of ditches and drains on the lands of others, and part of the petitioner's drainage system."

The cross-complaint, which was stricken by the court, presented the same question as that raised in the objections to the foregoing instruction, and if the instruction is correct the cross-complaint was properly stricken. The question to be determnied is what damages are recoverable by the defendant in this condemnation proceeding as *damages to the residue.*

The only statute which directs what damages shall be awarded to a land owner in eminent domain proceedings is section 2621 Mills Ann. Sts. (1912 ed.), section 2420, R. S. 1908, providing what commissioners, appointed in such proceedings, shall do, and that such commissioners "shall hear the proofs and allegations of the parties, and

after viewing the premises, shall, without fear, favor or partiality, ascertain and certify the compensation proper to be made to said owner or parties interested, for the lands, real estate or claims to be taken or affected, as well as all damages accruing to the owner or parties interested in consequence of the condemnation of the same, taken or injuriously affected, as aforesaid."

The statute limits the recovery of damages affecting land not actually taken to such damages as accrue "in consequence of the condemnation." The language employed is not broad enough to include all damages arising from conducting the enterprise for the benefit and use of which the land is condemned when such enterprise necessitates the use of other land than that of the respondent. The statute does not contemplate the awarding of such damages as result by what is done outside of the land condemned.

"Damages to the remainder by what is done elsewhere than on the part taken are not to be considered." Section 569, Lewis, Eminent Domain (2d Ed.), citing *Atchison, etc., R. R. Co. v. Boerner,* 34 Neb. 240, 51 N. W. 842, 33 Am. St. Rep. 637, reaffirmed 45 Neb. 453, 63 N. W. 787; *Longworth v. Meriden & W. R. R. Co.,* 61 Conn. 451, 23 Atl. 827; *Tinker v. Rockford,* 137 Ill. 123, 28 N. E. 573; *Egbert v. Lake Shore, etc., R. R. Co.,* 6 Ind. App. 350, 33 N. E. 659; *Alabama Mid. R. R. Co. v. Williams,* 92 Ala. 277, 9 South. 203.

The plaintiff in error cites *Denver City Irrigation and Water Co. v. Middaugh,* 12 Colo. 434, 21 Pac. 565, 13 Am. St. 234; *Farmers' Reservoir and Irr. Co. v. Cooper,* 54 Colo. 403, 103 Pac. 1004; *Home Supply Ditch Co. v. Hamlin,* 6 Colo. App. 351, 40 Pac. 582. From these cases it will be seen that the owner of land sought to be condemned is entitled to damages to the residue caused by such taking, and not to damages that may be caused by the whole canal system or drainage system. The balance of the drainage system in the case at bar is built on the plaintiff's Miller's own land, and rights of way owned and acquired by him on lands of McCormick and Beckham, and damages that may ensue

to defendant's premises from that part of the drainage system on plaintiff's own land, and the McCormick and Beckman lands are not to be considered by the jury in this proceeding to condemn a right of way for drain ditch across the Keller land.

The case of *Garnet Co. v. Sampson,* 48 Colo. 291, 110 Pac. 79, 1136, cited by plaintiff in error, is not in conflict with the theory, instructions and rulings of the trial court. That case holds that in assessing damages for the lands taken for the construction of a canal or reservoir thereon injuries to the residue of such lands arising from seepage, and damages for the same should be included in the original assessment. In none of the authorities cited is it held or intimated that the owner of land can recover in a condemnation proceeding for damages from an entire canal system or drainage system when same is located in great part on lands of others, but he is only entitled to recover damages to the remainder of his land caused or which may be caused from that part of the right of way sought to be condemned on his land.

"It has been held that when part of a parcel of land is taken for a use that is detrimental to the remaining land, such as a railroad, the owner is not entitled to the full diminution of the market value of the land arising from the construction and operation of the railroad, but only to so much of it as is due to the fact that part of his land was taken." 10 Ruling Case Law, p. 154, sec. 135, citing (note 9) *Walker v. Old Colony, etc. R. Co.,* 103 Mass. 10, 4 Am. Rep. 509.

In the case cited above in R. C. L. the court says:

"But, when land is taken, the owner is entitled to compensation for such injury to the value of his whole lot as is occasioned by the appropriation of a part of it to the uses for which it is taken."

Damages to the residue which are recoverable are those which result from the taking of the land condemned, and, in the case at bar, cannot include those accruing "from the operation of ditches and drains on lands of others" as con-

tended by plaintiff in error. There was therefore no error in the giving of the instruction hereinbefore quoted or in striking the cross-complaint.

An assignment of error is predicated upon the trial court's answering a question asked by a juror at the close of the trial. Plaintiff in error contends that the juror's question was not based on the evidence; that the court's answer was not responsive to the question, and was a comment upon the evidence and that the court's answer prejudiced the respondent in the matter of benefits.

The record shows that the question was asked and answered with the consent of counsel for plaintiff in error, and that no objection was made to the answer at the time it was given. The jury in its verdict found the benefits to amount to $25. There is no evidence whatever in the record to show whether or not there was testimony as to the amount and value of the benefits, or if any testimony was introduced, what it was. The instructions to the jury so far as such instructions referred to the question of benefits are not complained of, and one of such instructions was given as requested by plaintiff in error.

Under these circumstances, and the state of the record, it does not appear that there was any prejudicial error committed either in answering the juror's question or by the answer that was given.

Without deciding whether or not the form of the verdict, the verdict itself, or the form of the judgment in the trial of this cause was correct, we find that there was no defect in the proceedings in any of these respects which affected the substantial rights of the plaintiff in error, and further review of these matters is not necessary.

Error is assigned upon the trial court's order "that defendant be awarded no costs in these proceedings, and that none of the defendant's costs herein be taxed to plaintiff."

This order was made upon a finding "that prior to the commencement of these proceedings, the plaintiff herein did lawfully tender to said defendant the sum of $300.  *  *  *  and that the said defendant refused same." This finding is

conceded to be true. The jury awarded defendant $136.66 2-3 as damages.

The trial court's order as to costs appears to be a compliance with section 2625, Mills Ann. Sts. (1912 ed.), section 2424, R. S. 1908, providing, among other things, that

"If the amount of compensation ascertained by any jury, or by a board of commissioners as provided in this act, shall not be in excess of any lawful tender of compensation found by the court or judge to have been made by the petitioner to the party to whom such compensation shall be awarded, no costs provided to be taxed under the provisions of this act shall be allowed to such party."

It is the contention of plaintiff in error that the above quoted part of the statute is unconstitutional and void upon the ground that it is in violation of section 15, article II of the Constitution of the State of Colorado, which provides

"That private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law, and until the same shall be paid to the owner, or into court for the owner, the property shall not be needlessly disturbed or the proprietary rights of the owner therein divested."

Of this constitutional provision it was said in *Dolores No. 2 Land and Canal Co. v. Hartman*, 17 Colo. 138, 29 Pac. 378:

"Section 15 of the Bill of Rights declares, *inter alia*, 'that private property shall not be taken or damaged for public or private use without just compensation; a declaration which is repeated at the beginning of the eminent domain act. The undeniable intent of this provision is to secure the land owner, whose property is taken against his will, a fair compensation therefor. It cannot have been the purpose of the constitutional convention to require payment by the owner of costs reasonably incurred in the proceeding whereby his premises are taken. In some instances such costs will amount to nearly or quite as much as the compen-

sation awarded. But if the owner must disburse for costs the money received for his land, the compensation cannot be regarded as 'just' within the meaning of the constitutional guaranty. However, it might be as to attorney's fees and other like expenses, we do not hesitate to say that the spirit of the constitution clearly covers the class of expenses usually taxed as costs.' "

This language, or the greater part thereof, was approvingly quoted in *Brainerd v. State*, 74 Misc. 100, 131 N. Y. Supp. 221, 233; *Petersburg School Dist v. Peterson*, 14 N. D. 344, 103 N. W. 756, 759; and in sec. 812 Lewis, Eminent Domain (3rd ed.) The case was followed in *Denver Co. v. Howe*, 49 Colo. 256, 268, 112 Pac. 379, which declined to award the petitioner, though successful on appeal, any of the costs of the appeal.

In the case of *Land Co. v. Ditch Co.* 18 Colo. 489, 33 Pac. 275, the statute in question appears to have been noticed, but the question raised was the validity of the judgment against respondent for petitioner's costs. The decision of that question did not involve the constitutionality of the statute, because the statute does not authorize the imposition of petitioner's costs upon the respondent in any event.

In the case of *Dolores No. 2 Land and Canal Co. v. Hartman, supra,* the respondent, land owner, was allowed his court costs expended in connection with the condemnation proceedings, which was complained of by the petitioner on appeal. The language, quoted from that case, was therefore pertinent to the decision, not *obiter dictum,* and in view of its approval by other authorities, is entitled to be regarded as the law in the case at bar, if, and to the full extent that, it is applicable.

The opinion in the Hartman case, *supra,* is in full accord with the following from Lewis on Eminent Domain:

"By the constitution the owner is entitled to just compensation for his property taken for public use. He is entitled to receive this compensation before his property is taken or his possession disturbed. If the parties cannot agree upon the amount, it must be ascertained in the man-

ner provided by law. As the property cannot be taken until the compensation is paid, and as it cannot be paid until it is ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn the property, and he should pay all the expenses which attach to the process. Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional and void." Sec. 559 Lewis, Eminent Domain (2nd ed.).

Numerous authorities have cited or quoted, with approval, the foregoing section of Lewis on Eminent Domain, and are collected in the third edition of that work in section 812. The above quotation is approvingly set out in the case of *San Francisco v. Collins*, 98 Cal. 259, 33 Pac. 57. That case dealt with a statute which provided that in condemnation proceedings "costs may be allowed or not, and, if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court."

The court held that this statute is limited by the constitutional provision. This case was followed by the case of *City of Oakland v. Lumber & Mill Co.*, 172 Cal. 332, 156 Pac. 468, where it was held that

"It is settled law in this state (Cal.) that, in view of the provision of section 14 of article 1 of our Constitution that 'private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner,' the owner whose property is thus sought to be taken cannot be required to pay any portion of his reasonable costs necessarily incidental to the trial of the issues on his part, or any part of the costs of the plaintiff; for to require him to do this would reduce the just compensation awarded by the jury by a sum equal to that paid by him for such costs."

This last quotation is in accord with dictum found in *Moffat v. Denver*, 57 Colo. 473, 143 Pac. 577, 581, where at p. 483 it is intimated that the requirement of the payment of certain costs "would reduce the amount of compensation to which he (the land owner) is entitled before his property can be taken or damaged."

In *Petersburg School Dist. v. Peterson,* 14 N. D. 344, 103 N. W. 756, it was said and held:

"To hold that the owner must pay his own costs in resisting attempts to take his land against his consent, without first paying adequate and just compensation therefor, would nullify to a certain extent the constitutional guaranty and result in giving him less than just compensation for his property. The constitutional provision means that he shall receive just compensation for his property, and not that the just compensation assessed by a jury shall be diminished to the extent of his costs. The provision was designed for the benefit of the land owner and should be construed so as to give him its benefit to the full extent."

It will be observed that our constitutional provision guarantees the land owner not only that he shall receive "just compensation" for property taken or damaged, but also that such compensation should be ascertained by a board of commissioners or by a jury.

In *Adams County v. Dobschlag,* 19 Wash. 356, 53 Pac. 339, a statute providing that the costs shall be taxed against the land owner in case he shall not recover a greater amount than that previously tendered him, was held unconstitutional. It was said in that case that "the landowner must not be put to the expense of litigation in order to preserve his constitutional right to have the amount of damages determined by a court in a proceeding to which he is a party." In *Dickson v. Epling,* 170 Ill. 329, 48 N. E. 1001, it was said, "Where private property is taken or damaged for public use, just compensation cannot be made to the property owner if he is compelled to prosecute in the courts for his just right at his own costs."

The plaintiff in error had the right, under the Constitution, to have the damages assessed by a jury, and therefore should not be prejudiced by having refused a tender made prior to the beginning of the proceedings. In view of the language in *Land and Canal Co. v. Hartman,* 17 Colo. 138, 29 Pac. 378, and the holdings in the cases cited, we hold that the trial court was in error in not taxing respondent's

costs upon the petitioner, and that section 2424, R. S. 1908, section 2625, Mills Ann. Sts., is unconstitutional in so far as it requires the landowner to be taxed with any costs not contumaciously or unreasonably incurred by him.

The judgment is reversed and remanded, and the trial court is directed to take such proceedings in this cause as are consistent with this opinion.

Reversed.

Decision *en banc.*