[Civ. No. 1747. Fourth Appellate District.—May 6, 1936.]

THE PEOPLE, Appellant, v. E. E. EMERSON, as Administrator, etc., et al., Respondents.

Clarence W. Morris and Leonard A. Worthington for Appellant.

Matthew S. Platz for Respondents.

MARKS, J.—Plaintiff brought this action in eminent domain to condemn a right of way for a highway across land of the estate of Charles Emerson, deceased. The trial court awarded defendants $37.68 damages for the property taken, and $270.90 severance damages. ■ While the appeal is from the entire judgment plaintiff does not question the correctness of the award of damages for the property taken.

The decedent owned 84.6 acres of land in Kern County which was used as range for cattle. Of this, 3.14 acres were taken for the highway, leaving 30.1 acres to the west and 51.36 acres to the east. The country is rolling and the highway was entirely constructed on fills and in cuts which pre-

vented cattle from crossing it. No cattle crossing was provided.

The only water available for cattle in the district was a spring about two miles easterly from the land in question. Prior to the construction of the new highway, cattle ranging to the west reached the water by passing through a cattle crossing under the old highway which was not far from the location of the new one. As far as the record discloses neither the old cattle crossing nor the spring were on the property of the decedent.

The question of the right to award damages in proceedings of this kind where the basis of the damages awarded was something done elsewhere than on the property of defendant, was settled in the case of *County Sanitation District No. 2 of Los Angeles County* v. *Averill,* 8 Cal. App. (2d) 556 [47 Pac. (2d) 786], decided after this appeal was taken. It was there said:

"Appellant advances, as one reason why the court should have received evidence of possible future damage by means of the winds and ocean currents, the rule that all damages sustained by the landowner by reason of the condemnation must be recovered in the action in which the land is taken. (*East Bay Municipal Utilities Dist.* v. *Lodi,* 120 Cal. App. 740, 748 [8 Pac. (2d) 532]; *Sternes* v. *Sutter Butte Canal Co.,* 61 Cal. App. 737 [216 Pac. 66]; Lewis on Eminent Domain, 1313.) While the soundness of the rule may not be questioned, and while the converse of this rule relied upon by respondent is also well established, to the effect that damages not necessarily included in the issues in the condemnation action may be recovered in a subsequent action, neither rule is helpful in determining what claims are barred and what are not barred by the judgment of condemnation. More pertinent to this question is the statement found in Lewis on Eminent Domain, third edition, volume 2, pages 1451, 1452, in which it is said that 'damages to the remainder by what is done elsewhere than on the part taken are not to be considered. Thus, where parts of certain lots were taken for a railroad and damages assessed therefor, and the parts not taken were damaged by the railroad crossing and obstructing a street upon which the lots abutted at some distance from the lots, it was held that the latter damages were not included in the settlement and an action would lie to

recover the same.' To the same effect are *Atchison & N. R. Co.* v. *Boerner,* 45 Neb. 453 [63 N. W. 787]; *Perrine* v. *Pennsylvania Ry. Co.,* 72 N. J. L. 398 [61 Atl. 87]; *Eaton* v. *Boston C. & M. R. R. Co.,* 51 N. H. 504 [12 Am. Rep. 147].

"An owner, whose land is being condemned in part, may not recover damages in the condemnation action to the remainder of his land caused by the manner in which the works are to be constructed or operated on the lands of others. The detriment for which he may recover compensation is that which will result from the operation of the works upon his land alone. (*Keller* v. *Miller,* 63 Colo. 304 [165 Pac. 774], and cases cited; *Oregon-Washington R. & Nav. Co.* v. *Campbell,* 34 Idaho, 601 [202 Pac. 1065]; *Walker* v. *Old Colony etc. R. Co.,* 103 Mass. 10 [4 Am. Rep. 509]; *Campbell* v. *United States,* 266 U. S. 368 [69 L. Ed. 328, 45 Sup. Ct. 115].)"

Defendants urge an easement existed through the cattle crossing and suggest a lease on it and the spring. The evidence is insufficient to support an easement and only vaguely hints at leases. If such easement or leases exist they should be proved by competent evidence.

The portion of the judgment awarding defendants $37.68 damages for the property taken is affirmed. The portion of the judgment awarding them $270.90 severance damages is reversed with instructions to the trial court to retry the issue of severance damages and award judgment in accordance with the views here expressed. Each party will pay his own costs of appeal.

Barnard, P. J., and Jennings, J., concurred.