LaVern Bender et al., appellants, v. Mary S. Fuchs, appellee.

137 N. W. 2d 364

Filed October 15, 1965.   No. 35964.

Byron Reed, for appellants.

Walter, Albert, Leininger & Grant, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is a suit to quiet title to an irregular tract of land along the east side of the east half of the north-

west quarter of Section 27, Township 20 North, Range 1 West of the 6th P.M., Platte County, Nebraska, containing 4.756 acres. The tract is described in the petition by metes and bounds, and for the purposes of this opinion will be referred to as the tract of land. The defendant asserted in her answer that she had obtained title to the tract by adverse possession. The trial court found for the defendant and quieted title in her to the disputed tract. The plaintiffs have appealed.

The plaintiffs are the owners of the east half of the northwest quarter of Section 27 and the defendant is the owner of the northeast quarter of Section 27, the respective lands having a common boundary between them. On or about March 13, 1959, a petition to partition the east half of the northwest quarter of Section 27 was filed, resulting in a partition sale. Plaintiffs were the successful bidders at the sale and a referee's deed was duly issued to plaintiffs on June 20, 1959. Mary Fuchs, the defendant herein, had a 1/30 interest in the land, was made a party defendant in the partition suit, was served with summons, made a general appearance but filed no answer, was present at the partition sale and made no objection thereto, and received her share of the sale price. The land was described in the referee's deed as "the East Half of the Northwest Quarter (E½ NW¼) of Section Twenty-seven (27), Township Twenty (20) North, Range One (1) West of the 6th P.M., Platte County, Nebraska." It is the contention of the plaintiffs that they purchased 80 acres of land according to government survey, which would include the tract giving rise to this litigation.

The defendant asserts that she is the owner of the disputed tract by adverse possession; that she has had open, notorious, and exclusive possession for more than 10 years prior to the commencement of the partition action. Plaintiffs contend that defendant is estopped to assert adverse possession by having failed to raise the issue in the partition suit to which she was a party.

Failing this, the defendant then contends there can be no estoppel where the parties have equal knowledge of the facts, which the defendant contends is the situation here.

The effect of the partition judgment is of primary concern in this case. Section 25-21,106, R. R. S. 1943, provides: "The defendants may be served in the same manner as in ordinary civil action by summons, or by publication as provided in this code, and when all the parties in interest have been duly served, any of the proceedings herein prescribed shall be binding and conclusive upon them all. If only a portion of such parties be served, they only shall be bound by such proceedings." The defendant in the instant case was served with summons, made a general appearance, and filed no pleading claiming any interest in the land other than that alleged in the petition for partition. It would appear that under the foregoing section of the statute defendant is bound by the judgment in the partition action and that she could not now raise an issue of title which existed at that time.

It is the contention of defendant that she was not obliged to assert title to the tract of land here involved in the partition action by virtue of section 25-21,107, R. R. S. 1943, which provides: "The judgment of partition shall be presumptive evidence of title in all cases, and as between the parties themselves it is conclusive evidence thereof, subject, however, to be defeated by proof of a title paramount to, or independent of, that under which the parties held as joint tenants or tenants in common." The question immediately arises as to the meaning of the words "subject, however, to be defeated by proof of a title paramount to, or independent of, that under which the parties held as joint tenants or tenants in common."

Section 25-21,106, R. R. S. 1943, provides that when all the parties in interest have been served by summons or by publication as in ordinary civil actions, the pro-

ceedings prescribed shall be binding and conclusive upon them all. Section 25-21,107, R. R. S. 1943, provides that a judgment of partition shall be presumptive evidence of title in all cases, and as between the parties themselves it is conclusive evidence thereof.

A text writer states the rule as follows: "The rule that a judgment is conclusive upon all the issues determined by it, is not less applicable to judgments in partition than to judgments in any other form or kind of action. One of the issues which such a judgment ordinarily determines is, that the parties were in possession of the property, holding it as cotenants. Hence, a party to a partition suit is estopped from showing that at the time of the partition he was holding any part of the premises in severalty adversely to his cotenants, or that the petitioner had no interest in the property." Freeman on Cotenancy & Partition, § 530, p. 642.

In Staats v. Wilson, 76 Neb. 204, 107 N. W. 230, 124 Am. S. R. 806, the court in dealing with a contention that a judgment in partition proceedings is not final, quoted Laws 1866, Title 26, section 839 (now § 25-21,106, R. R. S. 1943), and stated: "This language is so plain that no judicial interpretation is required." In holding that plaintiffs were estopped by the judgment in partition, the court in the syllabus said: "The judgment of the court, unappealed from, in a suit for partition of real estate, fixing the shares of the interested parties and making partition of the land, is final, and the parties thereto are estopped from claiming a greater interest, even though the proceedings of the court were irregular and the shares of the parties determined according to the provisions of an unconstitutional act of the legislature."

The foregoing rule appears to have been followed in Baskins v. Krepcik, 153 Neb. 36, 43 N. W. 2d 624, wherein it is said: "The partition statute requires that the petition allege the several interests and estates of the several owners of the property and if it is supposed there are any interests unknown, contingent, or doubt-

ful, the facts in reference thereto shall be set out. All persons having any interest contingent or otherwise must be parties and the proceeds of the property so situated are subject to the order of the court until the right becomes vested. When the shares and interests are settled, judgment shall be rendered confirming them and making partition accordingly either in kind or by sale to prevent prejudice to the owners, and when jurisdiction of the parties in interest exists, the proceedings are conclusive upon all of them."

We are of the opinion that the judgment of the court, unappealed from, in a suit for the partition of real estate, determining the title and fixing the shares of interested parties and making partition of the land, is final, and the parties thereto are estopped from asserting a greater interest than that found to exist at the time of the partition proceedings. In other words, a party to a suit for partition, holding an interest as a joint tenant or a tenant in common, is estopped to claim a right by adverse possession in a subsequent action against his cotenants or a purchaser at the partition sale.

Defendant contends, however, that estoppel does not apply unless adverse possession was an issue actually determined in the partition suit. The rule contended for is too narrow. The rule is that an estoppel applies to any claim of interest or title which was or could have been raised in the partition action. Atchison & N. R.R. Co. v. Boerner, 34 Neb. 240, 51 N. W. 842, 33 Am. S. R. 637; Burnett v. Central Nebraska Public Power & Irr. Dist., 147 Neb. 458, 23 N. W. 2d 661. While no issue of adverse possession was litigated in the partition case, the title and interest of the cotenants, including that of the defendant in the real estate sought to be partitioned, was litigated. Her failure to assert any right of adverse possession against the cotenants estops her from asserting it in a subsequent action.

Defendant contends that section 25-21,107, R. R. S. 1943, permits her to assert her claim of adverse posses-

sion. The language of the statute relied upon is: "* * * subject, however, to be defeated by proof of a title paramount to, or independent of, that under which the parties held as joint tenants or tenants in common." The interpretation of this language appears to be one of first impression in this state, even though we held in Staats v. Wilson, *supra*, that a homestead right not asserted in the partition action by the homestead owner, who was a party thereto, was barred by estoppel from asserting it.

We think the quoted language in the preceding paragraph means that a judgment in partition may be defeated by a title paramount to that of the joint tenants or tenants in common in the hands of a third person or a paramount title afterwards acquired by a party to the partition suit. The language of the complete section does not relieve a party to a partition suit from asserting any title he may have in the land being partitioned; nor does it relieve him from an estoppel by judgment from asserting any title or interest in the lands in the partition suit to which he is a party.

The defendant asserts that plaintiffs purchased the land after an inspection of the property and that they had no right to rely on the government survey of the premises because they could see that the line fence was not on the government survey line. It is true that the plaintiff LaVern Bender walked over the land and observed that the fence boundary was not straight and therefore not on the true line. He also testified that he assumed the tract he was buying contained 80 acres in accordance with the government survey as decribed in the petition and judgment in the partition action. We think he had a right to assume this as against any party to the action. Since we have found that defendant is estopped to assert adverse possession, she as a party to the partition suit will not be permitted to question the description of the land as contained in the petition for partition.

Although the doctrine of implied warranties between cotenants in a partition action existing at common law has been abandoned generally in this country and replaced with the principles of equity, they would seem to have application here as a matter of equity. Under the common-law rule in partition there was an implied warranty between cotenants and a consequent estoppel to assert claims of title by one cotenant against the others after a judgment in partition. It would seem to us that this principle of the common law applied in the law action for partition ought to be applied as a guideline to equity in arriving at a just result in the instant case. If this be sound reasoning, and we think it is, we can see no reason why the purchaser at a partition sale is not entitled to the benefit of the warranties of title that each cotenant has with the others. Under such reasoning the cotenants, and each of them, have warranted the title to the lands sought to be partitioned after judgment is entered and has become final. And inasmuch as a warrantor cannot claim against his own warranty, no tenant after partition can set up an adverse title to that of another which has been apportioned to him.

We fail to see how defendant is entitled to any relief in equity under these circumstances. The petition alleged that the land to be partitioned was the east half of the northwest quarter of Section 27 and that she had a 1/30 interest therein. The question of title was involved and she failed to assert adverse possession against her cotenants. She stood by in silence when the land was sold pursuant to the government survey. She stood silently by when plaintiffs took possession under their referee's deed. She accepted her share of the proceeds to which she was entitled under the judgment of partition. She knew the terms of the purchase and the share of the purchase money to which she was entitled, which she accepted. As we said in the early case of Wamsley v. Crook, 3 Neb. 344: "And the receipt and

acceptance of the purchase money, was an affirmation that the title had passed to Hall, the purchaser, by virtue of the deed from Crook to him. It is a well settled rule of law that one cannot be permitted to receive both the purchase money and the land. And the application of this principle of estoppel 'does not depend upon any supposed distinction between a void and voidable sale. The receipt of the money, with the knowledge that the purchaser is paying it upon an understanding that he is purchasing a good title, touches the conscience and therefore binds the rights of the party in one case as well as in the other;' * * *."

For the reasons stated, the judgment of the district court is reversed and the cause remanded with directions to enter judgment for the plaintiffs in accordance with their petition.

REVERSED AND REMANDED WITH DIRECTIONS.